**UNITED STATES of America, Plaintiff,**

v.

**MAPCO GAS PRODUCTS, INC.; Buckeye Gas Products, Co.; Jack B. Morris; and Michael R. Van Winkle, Defendants.**

**No. LR–CR–88–122.**

United States District Court,
E.D. Arkansas, W.D.

March 27, 1989.

Duncan S. Currie, and Jane E. Phillips, Dept. of Justice Antitrust Div., Dallas, Tex., for plaintiff.

Richard A. Feinstein and Peter Sholl, Washington, D.C., Thomas B. Staley, Robinson, Staley & Marshall, Little Rock, Ark., for defendant Mapco Gas Products, Inc.

William R. Wilson, Jr. and Steve Engstrom, Wilson, Engstrom, Corum & Dudley, Little Rock, Ark., for defendant Michael R. Van Winkle.

Barry F. McNeil and Mark Kolitz, Haynes & Boone, Dallas, Tex., for defendant Jack B. Morris.

John T. Schmidt and Shirley E. Guntharp, Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C., Tulsa, Okl., and Samuel A. Peronni, Perroni, Rauls & Looney, P.A., Little Rock, Ark., for defendant Buckeye Gas Products Co.

## MEMORANDUM OPINION AND ORDER

GEORGE HOWARD, Jr., District Judge.

On March 21, 1989, defendants filed a joint motion requesting the undersigned to recuse from the trial and all related proceedings in this case. Defendants assert that recusal is mandatory under 28 U.S.C. § 455(a), Canons 2, 2 A and 3 A of the Code of Judicial Conduct, and by the due process clause of the 5th Amendment. They argue that the Court's acceptance and review of a "secret summary" by the government, the sealing of the same without giving defendants an opportunity to object, and the refusal to permit defendants to rebut the submission, have deprived them of their due process rights, created an appearance of impropriety, and may have the public questioning whether they can receive a fair trial. The government opposes the motion and states that it is completely without merit.

On November 18, 1988, the four (4) defendants were indicted for violating 15 U.S. C. § 1 by price fixing. By separate motions filed on March 8, 1989, MAPCO, Buckeye and Van Winkle moved to enter a plea of *nolo contendere*. A hearing on these motions was then scheduled for March 16, 1989, at 9:30 a.m. The late afternoon of March 15th, the Court received by telecopy the government's response, a motion for leave to file a summary of the government's case expected to be proved at trial under seal for *in camera* review, and the separate summary under seal. The government contended that the factual summary would reveal both the evidence against the defendants and its theory of the case and that since only three (3) of the defendants had moved for entry of a *nolo* plea, Morris would be receiving evidence that he was not entitled to prior to trial by a public disclosure. The Court was persuaded by the government's argument and so in order to prepare for the hearing the next morning, did review the sealed summary *in camera*. Prior to the commencement of the hearing on March 16, Morris also moved to enter a *nolo* plea. At the beginning of the hearing, the Court announced that it was granting the government's motion so the summary submitted by the government would be filed under seal and an order reflecting that ruling was so filed that date.

After hearing argument from counsel, the Court announced from the bench that the motions to enter *nolo contendere* pleas by the defendants should be denied. As the Court explained, it was persuaded that when the nature and the impact of the offense in that depressed area was considered along with the finding that the stance of the government in opposing the *nolo* pleas was not superficial and the public interest was weighed, there was no compelling reason to permit the defendants to enter the *nolo* pleas. A separate order containing those findings was filed on March 17, 1989, 709 F.Supp. 895.

At approximately 5:15 p.m. on March 17, 1989, the Court received a facsimile copy of defendants' motion for recusal and supporting brief. This motion was filed on March 21, 1989. The government's response was filed on March 22, 1989. The Court has not taken any action on the motions filed prior to the recusal motion as the Court is persuaded that resolution of this motion is a priority.

Recusal is governed by 28 U.S.C. § 455(a) which provides that a judge should disquality in any proceedings in which his impartiality may reasonably be questioned. This objective standard requires the Court to determine whether a reasonable person, knowing all the circumstances, would have reason to question the judge's impartiality in the case. *Liljeberg v. Health Services Acquisition Corp.*, — U.S. ——, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988).

When that test is applied to this situation, the Court finds that recusal is not warranted. Here, this summary was provided to the Court for *in camera* review in determining whether to accept the then three (3) pending pleas for *nolo contendere*. While a factual basis is not required for a *nolo* plea, Criminal Procedure Rule 11 does not prohibit such an inquiry. *U.S. v. Cepeda Penes*, 577 F.2d 754 (1st Cir.1978).

**902**

The *in camera* review was in connection with a judicial proceeding, rather than of a personal nature. See, *U.S. v. Sims,* 845 F.2d 1564 (11th Cir.1988) *cert. denied* —— U.S. ——, 109 S.Ct. 395, 102 L.Ed.2d 384. Furthermore, in contrast with the situation in *U.S. v. Earley,* 746 F.2d 412 (8th Cir. 1984), the entertainment and acceptance of a *nolo* plea is discretionary and the consideration of the pleas was initiated by the defendants.

Another factor against recusal is that there is really nothing new or surprising in the sealed material. It is clear from the January 31st motions, the government's responses and the defendants' own *nolo* plea motions that defendants already have the basic information contained in the sealed summary. What defendants do not have is the work product of the government's attorneys summarizing this information in an orderly fashion. Moreover, this summary did not influence the Court in any manner in rejecting the *nolo* pleas. As shown by the Court's remarks from the bench and contained in the March 17th order, the determinative factors were the area affected, the government's sincere opposition, and the public interest. For these reasons, the *nolo* pleas were not accepted and the information that the Court was exposed to during the course of those judicial proceedings does not now disqualify the undersigned from presiding over the remaining pretrial proceedings or the jury trial and any post-trial proceedings. The Court is quite satisfied that in light of the full record a reasonable person would not question any bias or partiality of the Court toward or against any party or counsel. Compare, *Little Rock School District v. Pulaski Co. Sp. School Dist. No. 1,* 839 F.2d 1296 (8th Cir.1988) *cert. denied* —— U.S. ——, 109 S.Ct. 177, 102 L.Ed.2d 146.

Accordingly, the joint motion for recusal filed by the defendants on March 21st is hereby denied.

IT IS SO ORDERED.