**UNITED STATES of America, Plaintiff,**

v.

**Olusoji Michael AGBOOLA, Defendant.**

**No. CRIM.01–162(1)(JRT/FLN).**

United States District Court, D. Minnesota.

Jan. 24, 2003.

Mark D. Larsen and Michelle E. Jones, Assistant United States Attorneys, Office of the United States Attorney, Minneapolis, MN, for plaintiff.

Gary R. Bryant–Wolf, Minneapolis, MN, for defendant Agboola.

Leon Adolphus Trawick, Trawick & Smith, Minneapolis, MN, for defendant Aihe.

### MEMORANDUM OPINION ON CHANGE OF PLEA

TUNHEIM, District Judge.

On January 22, 2003, the Court accepted defendant Olusoji Michael Agboola's ("Ag-

---

boola") change of plea from not guilty on all counts, to a plea of guilty to counts 11, 41, and 43 and a plea of nolo contendere for counts 1 through 10, counts 12 through 40, and count 42. The government opposed Agboola's request to plead nolo contendere. Pursuant to Federal Rule of Criminal Procedure 11(b), the Court considered the views of the parties and the interest of the public before granting consent for the nolo contendere plea. The Court described its reasons for consenting to the nolo contendere plea at the time it accepted the plea. This memorandum further elucidates the Court's consideration of the views of the parties and the public interest.

A plea of nolo contendere [1] is "an admission of every essential element of the offense pleaded in the charge, and is tantamount to an admission of guilt." 1A Charles Alan Wright, *Federal Practice & Procedure* § 177 (3d ed.1999). In this case, Agboola's plea of nolo contendere effectively admits that he has no basis to challenge the government's evidence. *See, e.g., McHugh v. United States*, 230 F.2d 252, 254 (1st Cir.1956) (holding that only in exceptional circumstances can there be a defense to factual allegations of an indictment following plea of nolo contendere).

In addition, the Court finds that the deterrent effect on Agboola, and on those contemplating similar crimes, is not lessened by its acceptance of this combined plea. In fact, Agboola's sentence will likely be stiffer than if he had plead guilty to all counts, because a plea of nolo contendere effectively precludes a downward adjustment for acceptance of responsibility. Agboola's agreement to entry of judgment on all counts also eliminates the possibility that he will receive a lesser sentence due to acquittal on one or more counts.

Acceptance of this plea also eliminates the necessity for a complicated trial that would take up to ten or more trial days, and therefore serves the interest of judicial economy. *See, e.g., United States v. Brighton Bldg. & Maintenance Co.*, 431 F.Supp. 1118, 1121 (N.D.Ill.1977) (recognizing judicial economy is a factor in the "effective administration of justice").

The Court also finds that its acceptance of the combined plea does not undermine the public interest by unduly minimizing the seriousness of defendant's conduct. Less than one year ago, the government was willing to permit Agboola to enter guilty pleas to four counts, and in return the government agreed to dismiss the remaining counts. By entering this combined plea, Agboola pleads guilty to one fewer count than the plea agreement contemplated, but he will be adjudicated guilty for all remaining counts. The government's willingness to enter into the former plea agreement undermines its argument that the public interest is not served by acceptance of the combined guilty and nolo contendere pleas. The Court is mindful of the fact that the government was forced to prepare for a trial that will not now occur. Nonetheless, the Court does not accept that the public's interest has changed so dramatically in less than one year.

The government's earlier willingness to enter a plea agreement distinguishes the instant case from one cited by the government in opposition to the request to plead nolo contendere. In *United States v. Mapco Gas Products, Inc.*, 709 F.Supp. 895 (E.D.Ark.1989), the district court judge refused to allow corporate and individual defendants to withdraw their pleas of not guilty and enter pleas of nolo con-

---

1. For a discussion of the history and development of the nolo contendere plea, see *North*

*Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

tendere. The *Mapco* defendants were charged with violations of antitrust laws by conspiring to suppress and restrain competition in the sale of liquefied petroleum gas to customers in East Central Arkansas. *Id.* at 897. There is no indication in the published opinions that the government in the *Mapco* case had ever entered into plea agreements, or was at any time willing to compromise any of the counts. *See id.; see also United States v. Mapco Gas Products, Inc.,* 709 F.Supp. 900 (E.D.Ark.1989) (related decision denying defendants' motion for judge to recuse). Further, the defendants in *Mapco* sought to enter pleas of nolo contendere to **all** counts. In this case, the Court consented to a combined plea of guilty on three counts, and nolo contendere on the remaining counts.

The *Mapco* Court noted that its "greatest concern" was whether allowing the plea would be in the best interests of justice "when it is incumbent upon this Court to administer criminal justice fairly and impartially and without regard to one's economic, social or political standing in the community." *Mapco,* 709 F.Supp. at 899. This Court shares the concern that defendants accused of white collar crimes should be perceived to receive, and in fact do receive, the same treatment as all other defendants. However, that concern is more compelling in cases like *Mapco,* where the defendants include a large multi-state corporation and high-level employees of that corporation. In this case there is little concern that the public will perceive that this defendant is receiving more lenient treatment because of preferred social or economic status.

The *Mapco* Court was also presumably concerned with bringing to light the criminal actions of the corporate and individual defendants, and making the public aware of the illegal behavior. That concern was especially pressing because the defendant corporation was likely to continue doing business not only in Arkansas, but in several other neighboring states. In contrast, the defendant here is not likely to continue doing business in this community, or indeed, in the United States. The Immigration and Naturalization Service has placed a "hold" on Agboola, and the Court suspects he is likely to be deported upon the completion of his sentence for these crimes. In addition, the Court notes that other "flipping" cases in this District have been covered well in the news media, therefore the Court does not find an urgent need to alert the community to these unlawful activities. A concern about lack of publicity seemed to underlie the Court's decision in *Mapco. See, e.g.,* Steve Brandt, *Blaine Firm Must Stop Making Mortgage Loans,* STAR–TRIBUNE, October 7, 2001 at 7B; Steve Brandt, *Disbarred Lawyer Gets Longest Sentence in Property–Flipping Ring,* STAR–TRIBUNE, May 23, 2001 at 9B; Steve Brandt, *Mortgage Broker Ordered to Repay Victims,* STAR–TRIBUNE, April 21, 2001 at 3B.

Additional extraordinary factors also distinguish the *Mapco* case. For example, in *Mapco,* a cooperating witness was run off the road, his home was riddled with bullets, and he was shot and wounded. The *Mapco* Court noted that one of the defendants was allegedly responsible for that harassment, and was still employed by the corporate defendant. The government has pointed to no similar extreme behavior in this case.

Finally, the *Mapco* Court noted that a plea of nolo contendere may not be used against a defendant as an admission in a later proceeding,[2] and that the plea does

---

**2.** This was of special concern to the *Mapco* Court because a civil class action was pending against the *Mapco* defendants. *Id.* at 899.

not affect a defendant's civil rights. *Id.* at 897. This Court will issue a comprehensive restitution Order in this case, which will mitigate the unavailability of the plea as an admission in any later proceeding. In addition, in contrast to the *Mapco* defendants, Agboola has plead guilty to three of the charges, therefore his civil rights certainly will be impacted, should he be allowed to remain in this country upon completion of his sentence.

The Court has carefully considered the positions of the parties and the public interest. The Court finds that the effective administration of justice is best served by accepting Agboola's pleas of guilty to the three specified counts, and his plea of nolo contendere to the remaining counts.